Baird *v.* Baird Hat Co.

------◆◆◆------

JOHN H. BAIRD (THE HATTERS' FUR EXCHANGE, INC.) *vs.* THE BAIRD HAT COMPANY.

Third Judicial District, New Haven, January Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Executory, open contracts are ordinarily broken by the appointment of a receiver for one of the parties, and thereupon the other party may present and prove his claim for damages in the receivership proceedings, and is entitled to payment on a parity with other claims of general creditors.

Argued January 16th—decided March 13th, 1923.

APPLICATION in receivership proceedings by the Hatters Fur Exchange, Incorporated, an alleged creditor of the defendant, for the allowance of its claim of $58,425, brought to the Superior Court in Fairfield County and referred to a State Referee who found and reported the facts; the court, *Wolfe, J.*, accepted the report of the referee and rendered judgment which allowed the claim but only as an after-accruing claim payable out of any balance left in the hands of the receiver after the satisfaction of general claims existing at the date of his appointment, and from this judgment the claimant appealed. *Error and cause re-*

*manded with direction to allow the claim as a general claim.*

The claim arises out of seven written contracts whereby the claimant agreed to sell and the defendant corporation to buy certain specified quantities of hatters fur at varying prices. Prior to the appointment of the receiver deliveries of furs of the contract price of $4,899.54 were made and accepted. No part of these furs had been paid for when the receiver was appointed, and the claimant's claim for that amount has been presented and allowed. No controversy arises as to this portion of the claim. At the time of the receiver's appointment there remained undelivered under these contracts a large quantity of furs. The receiver was appointed upon the petition of all the stockholders of the defendant corporation, and at the date of his appointment all of the contracts were, except as to the deliveries already noted, open executory contracts modified by mutual agreement that the times specified for deliveries should be extended until such times as the defendant corporation should request deliveries; the claimant, however, reserving the right to call on the defendant to take delivery upon reasonable notice. At the date of the receivership the market value of the undelivered furs was less than their contract price by $58,425, for which amount the claimant presented its claim. The claimant was at all times ready, able and willing to deliver the furs contracted for.

On the appointment of the receiver the business formerly conducted by the defendant corporation was discontinued and the receiver declined to complete the contracts, and disallowed the claim for the difference between the contract and market price of the undelivered furs. On the authority of *Wells* v. *Hartford Manilla Co.*, 76 Conn. 27, 55 Atl. 599, the Superior Court allowed the claim for $58,425, as an

after-accruing claim to be postponed in payment until after the satisfaction of all claims matured before the receivership.

*William H. Cable,* for the appellant (claimant).

*J. Moss Ives* and *Joseph G. Shapiro,* for the appellee (receiver of defendant).

BEACH, J.   This case is controlled in principle by the decision in *Napier* v. *Peoples Stores Co., ante,* p. 414, 120 Atl. 295, overruling, in part, *Wells* v. *Hartford Manilla Co.,* 76 Conn. 27, 55 Atl. 599.   In the *Peoples Stores Co.* case and in this case, the decisive question is whether the intervention of a receivership constitutes such a breach of the executory open contracts of the defendant in the receivership proceedings as to entitle the other party to prove a claim for damages.   We have held that it does, and it follows that the claim in question is allowable and entitled to payment on a parity with other claims of general creditors.   The preference in payment which the *Hartford Manilla Co.* case awards to claims arising out of executory contracts, breached by anticipation before the receivership, as compared with claims arising out of executory contracts terminated by the receivership without any antecedent anticipatory breach, depends wholly on the validity of the ruling made in that case that the termination of executory contracts by a receivership, followed by presentation of a claim for damages, does not constitute an anticipatory breach of such contracts.   When that ruling is reversed, no ground remains for making any distinction between the two classes of claims.

There is error, the judgment is set aside, and the cause remanded with direction to allow the claim.

In this opinion the other judges concurred.